IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JACKIE DEWAYNE ANDREWS | § | |
| v. | § | CIVIL ACTION NO. 6:12cv886 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT</u>

The Petitioner Jackie Andrews, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Andrews was convicted of capital murder on June 30, 2000, receiving a sentence of life in prison. He has filed two previous federal habeas corpus petitions challenging this same conviction. His first petition, <u>Andrews v. Director, TDCJ</u>, civil action no. 6:03cv496, was dismissed as barred by the statute of limitations, and the Fifth Circuit affirmed this decision by denying Andrews a certificate of appealability. Some time later, Andrews sought rehearing of this dismissal, which was denied, and the Fifth Circuit affirmed the denial of rehearing on September 14, 2010. The second petition, <u>Andrews v. Director, TDCJ</u>, civil action no. 6:07cv307, was transferred to the Fifth Circuit for determination as to whether or not the petition was successive, and authorization for leave to file a successive petition was denied. See <u>In re Andrews</u>, slip op. no. 07-40824 (5th Cir., November 6, 2007).

1

After review of the pleadings in the present case, the Magistrate Judge issued a Report recommending that the petition be dismissed without prejudice, with refiling permitted at such time as Andrews receives permission from the Fifth Circuit to file a successive petition, as required by 28 U.S.C. §2244(b)(3). Andrews filed objections to the Report on January 18, 2013.

In his objections, Andrews states that along with his petition, he filed a motion for leave to file a successive habeas petition, but that the Magistrate Judge did not address this motion. He says that the purpose of this motion was to show the district court that his first federal habeas petition had been incorrectly dismissed as time-barred. Had the Magistrate Judge reviewed this motion, Andrews says, the entire Report would have been different, because it would have focused on whether or not his first petition was incorrectly dismissed. Andrews also argues that he does not need permission to file a successive petition because the district court "made an erroneous ruling in the first proceeding because it time-barred a new claim that was not time-barred."

While Andrews did file a motion for leave to file a successive habeas petition in this case, neither the Magistrate Judge nor the District Court have authority to grant or deny such a motion. Only the Fifth Circuit has the power to grant or deny a motion for leave to file a successive petition, a fact which was made evident in the Magistrate Judge's Report. 28 U.S.C. §2244(b)(3) specifically states that before a second or successive application permitted by this section is filed in the district court, the applicant shall move *in the appropriate court of appeals* for an order authorizing the district court to consider the application. Until Andrews receives permission from the Fifth Circuit to file a successive petition, the district court lacks jurisdiction to consider his claims. Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003). His objections concerning the alleged failure by the Magistrate Judge to review his "motion for leave to file a successive petition" are without merit.

The dismissal of Andrews' first habeas petition as time-barred has now become final, and Andrews has shown no basis upon which to reconsider this dismissal, particularly in light of the fact that the dismissal was affirmed by the Fifth Circuit, and the denial of Andrews' motion for rehearing was also affirmed by the Fifth Circuit. The question of the propriety of the dismissal of his first

petition is not presently before the district court; the issue in the present case is whether Andrews may proceed on a successive petition.

In this regard, Andrews does not dispute that he has not received such permission, but argues that he need not seek permission to file a successive petition because his first petition was wrongly dismissed, despite its affirmance by the Fifth Circuit. He cites Muniz v. U.S., 236 F.3d 122 (2nd Cir. 2001), in which a Section 2255 motion to vacate or correct sentence was dismissed as untimely, but the case upon which this dismissal was predicated was overruled less than ten days later. The Second Circuit therefore held that the dismissal as untimely was incorrect, and so a second motion to vacate was ruled not to be successive.

To the extent that Muniz may be applicable in the Fifth Circuit, Andrews' case is distinguishable because in Muniz, the appellate court agreed that the dismissal of the first petition as untimely was error, whereas Andrews has not shown that the Fifth Circuit has stated that the dismissal of his first petition was error. Prisoners cannot evade the successive-petition rule by the simple expedient of arguing that an earlier dismissal was wrong, in the absence of some judicial confirmation that an error occurred. Andrews' objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 10) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED without prejudice. Andrews may refile his petition at such time as he obtains permission from the Fifth Circuit Court of Appeals to file a successive petition. He may not refile this petition without obtaining such permission. It is further

ORDERED that the Petitioner Jackie Andrews is hereby DENIED a certificate of appealability *sua sponte*. The denial of this certificate refers solely to an appeal of this case and shall have no effect upon Andrews' right to seek permission from the Fifth Circuit to file a second or successive petition. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**It is SO ORDERED.**

**SIGNED this 6th day of February, 2013.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE